United States District Court
Southern District of Texas
**ENTERED**
February 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAUL BENAVIDES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-171 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER DENYING PETITIONER'S MOTION TO REVIEW 911 CALL

Petitioner is a state inmate currently incarcerated at the Stringfellow unit in Rosharon, Texas, who has filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging his state conviction. (D.E. 1). Pending is his Motion To Have Unredacted 911 Call Reviewed. (D.E. 34). Petitioner has raised various grounds for habeas relief including claims that his trial lawyer provided ineffective assistance of counsel, although Petitioner has not raised a separate habeas claim that the 911 call should have been excluded from evidence at the trial court level. Petitioner urges this Court to listen to the original, unredacted 911 call because doing so will support Petitioner's claims for habeas relief. The undersigned has reviewed the state court records and transcripts and finds that Petitioner's motion should be **DENIED**.

Petitioner was tried before a judge, not a jury. (D.E. 16-8, p. 9). Despite the case being tried before the judge, the prosecution and defense agreed to redact by agreement certain portions both parties agreed were prejudicial. (D.E. 16-8, p. 7). Petitioner's lawyer objected to the introduction of the 911 call and moved to exclude it from evidence. (D.E.

16-8, pp. 6-7). The trial court allowed the call for "contextual purposes" and to "show how the police got involved." (D.E. 16-8, p. 7). The trial judge overruled the Petitioner's objections to the 911 call based on relevance and that the 911 caller had a lack of knowledge about the facts she was reporting to the 911 dispatcher. (D.E. 16-8, pp. 7-8). Regarding defense counsel's objections the trial judge stated "Remember, this is a bench trial," "It's not gonna be damning for me to hear it either before the trial starts or during the trial because I'm the one that's going to make that decision either way, so I think we can hear it." (D.E. 16-8, p. 9). During trial, the trial judge sustained a defense objection to the 911 call and again held that he was only considering it for contextual purposes. (D.E. 16-8, pp. 28-29).

In this case, a state court judge, sitting as a trier of fact, is presumed to have rested his verdict only on admissible evidence before him and to have disregarded evidence that is inadmissible; therefore, any error in the admission of evidence is harmless if there exists other admissible evidence sufficient to support the conviction. *United States v. Impson,* 562 F.2d 940, 971 (5th Cir. 1971)); *see also United States v. Ayo–Gonzalez,* 536 F.2d 652, 656 (5th Cir. 1976) (recognizing that in a bench trial, "(s)trict evidentiary rules of admissibility are generally relaxed in bench trials, as appellate courts assume that trial judges rely upon properly admitted and relevant evidence"). Further, the trial judge specifically held that he was considering the 911 call for contextual purposes. Listening to the 911 call will not assist this Court resolve Petitioner's habeas claims.

Further, to the extent Petitioner's motion may be construed as a motion for discovery, the motion is DENIED. A habeas petitioner is generally not entitled to discovery. Rather,

"Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); *see also United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted).

The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" *Lave v. Dretke*, 416 F.3d 372, 381 (5th Cir. 2005) (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).  Petitioner has not claimed in the pending habeas petition a ground for relief relating to the introduction of the 911 call.  Even if Petitioner were to have raised such a claim, the claim would have little merit for the reasons set forth above.  Petitioner has not established good cause for the production of the recording of the 911 call.

It is, therefore, ORDERED that Petitioner's Motion To Have Unredacted 911 Call Reviewed (D.E. 34) is **DENIED**.

ORDERED this 25th day of February, 2016.

_____
Jason B. Libby
United States Magistrate Judge